**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

ADRIANA CRUZ,

     Plaintiff,

vs.

MASTEC, INC., a Florida Profit Corporation

     Defendant.

_____/

## COMPLAINT

Plaintiff ADRIANA CRUZ, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant MASTEC, INC., a Florida Profit Corporation (hereinafter, "MASTEC" or "Defendant"), and states as follows:

## JURISDICTION AND VENUE

21. This is an action by the Plaintiff for damages for Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* to redress injuries resulting from Defendant's unlawful, conduct against Plaintiff.

22. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

23. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant,  because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida, and because Defendant is subject to personal jurisdiction there.

24. Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

**PARTIES**

5.  Plaintiff at all times pertinent to this complaint resident of Miami Dade County, Florida, over the age of eighteen years and otherwise *sui juris*.

6.  Defendant MASTEC is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida.

7.  Defendant was a company which employed Plaintiff from May 3, 2016 through September 24, 2019.

8.  At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

**PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9.  Plaintiff was an employee of Defendant continuously from May 3, 2016 through September 24, 2019. At all times relevant, Plaintiff held a position as a financial analyst.

10. Plaintiff worked without disciplinary action and/or negative reviews throughout the course of her employment.

11. At the end of 2018, Plaintiff was offered a new position in the Human Resources Department by Manny Vega ("Vega"). Mr. Vega represented that the position would merit a $10,000 annual increase and Plaintiff would transition into the new role in March 2019 after the new budget was approved. Plaintiff accepted the proposal. In preparation for the transition, Plaintiff was required to train the new hire Nelly Gallan.

12. Plaintiff's mother was diagnosed with Lupus in 2014. In March 2019, the Plaintiff's mother was diagnosed with an infected hematoma on her left leg. As a result of her medical condition,

Plaintiff's mother health deteriorated over the following months. Plaintiff's mother was unable to walk, sit, or go to doctor's appointments without assistance.

13. Plaintiff notified her immediate supervisors, Vega and Susana Stefek, ("Ms. Stefek") with the details of her mother's condition and the need to take time off from work to care for her.

14. Plaintiff was advised that she could take up to three (3) weeks off which is what she had available in paid time off (PTO).

15. From March 2019 to July 2019, Plaintiff took intermittent leave as needed exhausting all of the PTO she had available.

16. During this time, Plaintiff's mother's health deteriorated, and she was placed in a rehabilitation center. Plaintiff maintained Ms. Stefek and Mr. Vega appraised of her mother's condition.

17. In July 2019, Plaintiff was notified that her mother needed to undergo surgery. Plaintiff requested additional leave. However, the request was denied.

18. Between July 2019 and September 2019 Plaintiff inquired several times regarding her transition to the new role as her duties had increased but no additional compensation was provided. However, Plaintiff's inquiries were never addressed.

19. On or around September 24, 2019, Plaintiff was terminated from her position.

20. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
## VIOLATION OF THE FMLA (INTERFERENCE)

21. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-20 above as though the same were fully set forth herein.

22. Plaintiff was eligible for FMLA leave due to her mother's serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(c).

23. She requested leave pursuant to the statute and provided all the information required by MASTEC.

24. Under the FMLA, 29 U.S.C. § 2614(a), Plaintiff had the right to take up to twelve workweeks of leave under the Act.

25. When Defendant limited and/or denied Plaintiff's request for leave, Defendant interfered with Plaintiff's right and thus violated the FMLA.

26. Additionally, When Defendant failed to promote Plaintiff and/or terminated Plaintiff, Defendant interfered with Plaintiff's right to her position (or its equivalent) and thus violated the FMLA.

27. As a direct result, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits.

28. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

29. MASTEC by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

30. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from MASTEC.

31. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff requests judgment for:

A.  Adjudge and decree that MASTEC has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of MASTEC's violation of the FMLA, all as provided in 29 U.S.C. §2617;

C.  Interest on the amount found due;

D.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E.  Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

F.  Such other relief as the Court deems just and proper.

## <u>COUNT II</u>
## VIOLATION OF THE FMLA (RETALIATION)

32. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-20 above as though the same were fully set forth herein.

33. This is an action under the Family Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

34. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave to care for her ill mother. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

35. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

36. Plaintiff gave sufficient notice to her employer of her need for leave and provided all necessary paperwork.

37. Plaintiff did take intermittent leave from March 2019 through July 2019.

38. Within the next two months, Defendant failed to promote Plaintiff as promised and ultimately terminated Plaintiff's employment.

39. The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

40. Plaintiff's leave request was, at minimum, a motivating factor in Defendant's failure to promote and/or Defendant's decision to terminated Plaintiff's employment.

41. MASTEC's purported reason(s) for terminating Plaintiff are pretextual.

42. MASTEC, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of MASTEC's employees should be imputed to MASTEC.

43. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from MASTEC.

WHEREFORE, Plaintiff requests:

  A. Adjudge and decree that MASTEC has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of MASTEC's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

  C. Interest on the amount found due;

  D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  E. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

  F. Such other relief as the Court deems just and proper.

6

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, ADRIANA CRUZ demands trial by jury on all issues and all counts of this Complaint

so triable as a matter of right.


Dated: February 18, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com